**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EUGENE F. TOWERS, <br>     Plaintiff, <br> v. <br> ROBERT A. IGER, et al., <br>     Defendants. | Case No.  15-cv-04609-BLF <br><br> **ORDER DENYING PLAINTIFF'S AND DEFENDANT'S SEALING MOTIONS** <br><br> [Re: ECF 25, 28] |

Before the Court are two administrative motions to file under seal portions of the parties' respective briefing in connection with the Defendant's Motion to Dismiss the Verified Stockholder Derivative Complaint. Plaintiff seeks to seal portions of Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint. ECF 25. Defendant seeks to seal portions of its Reply in Support of its Motion to Dismiss the Complaint. ECF 28. For the reasons stated below, both motions are DENIED without prejudice.

**I.  LEGAL STANDARD**

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal portions of documents: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive motions. *Id.* at 1179. Motions that are technically nondispositive may still require the party to meet the "compelling reasons" standard when the motion is more than tangentially related to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The compelling reasons standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order."

*Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), or where court files may serve "as sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S at 598-99. However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

In this District, parties seeking to seal judicial records must follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II.  DISCUSSION

### A.  Plaintiff's Motion

Plaintiff fails to meet the compelling reasons standard for sealing portions of its Opposition to Defendants' Motion to Dismiss. According to Plaintiff, the portions he seeks to seal were designated by Defendant Disney as confidential pursuant to a confidentiality agreement. *See* ECF 25-1, Nicoud Decl. ¶¶4-5. As the designating party, Defendant Disney carries the burden of articulating the compelling reasons to seal the document. Disney, however, did not submit a declaration in support of sealing this information.

Under Civil L.R. 79-5(e), if a party seeks to file under seal a document designated as confidential by the opposing party, the party must identify the portions of the document that contain the designated confidential material and identify the party that has designated the material as confidential. Civil L.R. 79-5(e). Within four days, the designating party must file a declaration as required by Civil L.R. 79-5(d)(1)(A) establishing that all of the designated material is sealable. Civil L.R. 79-5(e)(1). Here, Defendant did not file a declaration establishing that all of the

2

designated material is sealable.  Additionally, a designation of "Confidential –Attorney's Eyes Only" is insufficient to establish the documents are sealable.  *See e.g.*, *MMCA Grp. Ltd. v. Hewlett-Packard Co.*, 2008 WL 5411340, at *1 (N.D. Cal. 2008).

### B. Defendant's Motion

Defendant Disney seeks to seal portions of its Reply that quote or reference the portions of the complaint that this Court previously ordered to be filed under seal.  Defendant Disney fails to meet the compelling reasons standard for sealing portions of its Reply in Support of its Motion to Dismiss the Complaint.  In Disney's supporting declaration, the only reason given for sealing the requested information is that those portions were previously sealed by the Court.  ECF 28-1, Horvath Decl. ¶ 3.  However, Disney still bears the burden of meeting the compelling reasons standard, "even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

### III. ORDER

For the foregoing reasons, Plaintiff's sealing motion at ECF 25 and Defendant Disney's sealing motion at ECF 28 are DENIED without prejudice.  Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser-redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

Accordingly, the parties may submit additional declarations in support of the sealing motions by no later than March 25, 2016, at which point the Court will reconsider the motion. If no additional declaration is submitted, the parties must file unredacted versions of Plaintiff's Opposition and Defendant's Reply by no later than March 31, 2016.

**IT IS SO ORDERED.**

Dated:  March 22, 2016

BETH LABSON FREEMAN
United States District Judge