UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EUGENE F. TOWERS,<br><br>     Plaintiff,<br><br>     v.<br><br>ROBERT A. IGER, et al.,<br><br>     Defendants. | Case No. 15-cv-04609-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 60] |

Before the Court is Plaintiff Eugene F. Towers' motion for administrative relief to file under seal portions of his opposition to Defendants' motion to dismiss. *See* ECF 60. For the reasons discussed below, the motion is GRANTED IN PART and DENIED IN PART.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

1 highlighting or other clear method, the portions of the document that have been omitted from the
2 redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
3 Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
4 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the sealing motion at issue relates to Defendants' motion to dismiss, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard.

Plaintiff seeks to seal portions of his opposition to Defendants' motion to dismiss, which contain quotations, references to, or information taken or derived from documents or materials designated by nominal defendant The Walt Disney Company (the "Company") as Confidential. Nicoud Decl. ¶ 6, ECF 60-1. The portions of the opposition sought to be sealed relate to meetings of the Company's board of directors during which the directors discussed confidential matters regarding the Company's acquisition of Pixar, Inc., including the board of directors' negotiations, strategic considerations for entering into the acquisition, and post-acquisition operational issues. Horvath Decl. ¶ 4, ECF 62. These matters were not disclosed at the time of the acquisition of Pixar, and the Company has maintained the confidentiality of that information ever since. *Id.*

In Defendants' declaration in support of Plaintiff's motion, Defendants contend that the following portions of Plaintiff's opposition are sealable:

- Page 1, lines 7–8, portion of line 11, lines 12–22;
- Page 2, lines 1–8;
- Page 3, lines 24–28;
- Page 9, lines 13–14 (subheading F), lines 18–28;
- Page 10, lines 1–28;
- Page 11, lines 1–20;
- Page 15, lines 23–27;
- Page 18, portion of line 6, line 7, 8–9 (subheading 3), portion of line 13, lines 14–16, portion of line 17;

3

- Page 19, lines 5–28;
- Page 20, 1–9, portion of line 17, lines 18–21, portion of line 22;
- Page 21, portion of line 7, lines 8–9; and
- the corresponding subheadings in the Table of Contents to subheading F and subheading 3.

Horvath Decl. ¶ 5.

The Court finds these reasons compelling and the request narrowly tailored. Accordingly, the Court GRANTS Plaintiff's sealing motion as to the portions of Plaintiff's opposition outlined above, and DENIES the motion as to lines 4–9 of page 9 and any portion of pages 24 and 29.[1] Under Civil Local Rule 79-5(f)(3), the document sought to be sealed will not be considered by the Court unless the Submitting Party files a revised redacted version which comports with the Court's order within 7 days of this order.

**IT IS SO ORDERED.**

Dated: December 13, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Despite being included in Plaintiff's motion, Defendants' declaration does not address these portions of Plaintiff's opposition. *See generally* Horvath Decl.

4